COLE, Chief Judge, concurring in part and dissenting in part.
We are obligated to consider the words in a complaint. At this stage, they are all that we may consider. In re Omnicare, Inc. Sec. Litig. , 769 F.3d 455, 466 (6th Cir. 2014). McDaniel states in her complaint that Upsher-Smith failed to provide "sufficient instructions or warnings" of the "potential risks and side effects of amiodarone" by "failing to ensure [her late husband] was timely provided the Medication Guide." Compl., R.1, ¶¶ 91, 94. In my view, these words mean what they say-that the failure to provide a medication guide rendered the warnings that were provided inadequate. The majority contends otherwise, concluding that the "adequacy of the warnings is not the issue." Maj. Op. 947. By doing so, it distinguishes Fulgenzi v. PLIVA, Inc. , 711 F.3d 578 (6th Cir. 2013).
I respectfully dissent from Part II.B of the majority's opinion and conclude that we are bound by Fulgenzi to hold that the Food, Drug and Cosmetic Act ("FDCA") does not impliedly preempt McDaniel's Tennessee failure-to-warn claims under theories of strict liability and negligence. However, I agree with the majority that *949 McDaniel has waived the right to rely on the doctrine of negligence per se under Tennessee law.
I.
The crux of McDaniel's Tennessee claims is straightforward: Upsher-Smith failed to provide a medication guide to her late husband, and that failure rendered inadequate the warnings of amiodarone's potential risks and side effects it did provide and caused her late husband's death.
Implied preemption leaves open a narrow gap for state failure-to-warn claims against generic drug manufacturers that resides between its two forms-impossibility and obstacle preemption. The claim must be premised on conduct that violates the FDCA to avoid impossibility preemption. PLIVA, Inc. v. Mensing , 564 U.S. 604, 618-19, 131 S.Ct. 2567, 180 L.Ed.2d 580 (2011). This is so because the FDCA requires a generic drug to have the same warnings as its brand-name counterpart (under the federal duty of sameness), so that simultaneous compliance with any state duty to supply different warnings would be impossible. Id. At the same time, to avoid obstacle preemption, the violation of the FDCA cannot be "a critical element" of the claim. Buckman Co. v. Plaintiffs' Legal Comm. , 531 U.S. 341, 353, 121 S.Ct. 1012, 148 L.Ed.2d 854 (2001).
That narrow gap was successfully threaded in Fulgenzi . There, as here, the plaintiff brought a state claim against a generic drug manufacturer for its alleged failure to adequately warn of a drug's risks. Id. at 579-80. The claim differed only insofar as the plaintiff alleged that the failure to update the contents of the drug's labeling-and not the failure to supply a separate medication guide-rendered the warnings inadequate. Id. As with all failure-to-warn claims against generic drug manufacturers, the plaintiff could argue that the warnings were inadequate only to the extent that they failed to conform to the warnings provided by the brand-name manufacturer in violation of the federal duty of sameness. Id. at 584-85. We held that the plaintiff's claim was not preempted because the generic drug manufacturer's violation of the federal duty of sameness, although alleged in the complaint, was not a necessary (and thus not a critical) element of her claim under Ohio law. Id. at 581-82, 587 & n.5.
McDaniel's Tennessee failure-to-warn claims are no different. In her complaint, she alleges that Upsher-Smith violated the federal duty of sameness by failing to provide warnings in the form of a medication guide. But she cannot be faulted for doing so. The plaintiff in Fulgenzi made the same allegation-the only difference being the means of violating the duty. Id. at 581-82. And that same allegation in McDaniel's complaint is "essential to her case-but only to avoid [impossibility] preemption under Mensing ." Id. at 587. That is because McDaniel must discuss federal law to show why her claims are not barred by impossibility preemption. See Mensing 564 U.S. at 618-19, 131 S.Ct. 2567. It does not mean that she "seeks to enforce ... federal regulation[s]." Maj. Op. 945.
McDaniel's claims are premised on a violation of an independent Tennessee duty to warn, not federal law. "The alleged breach arises from the same act"-namely, the failure to provide a medication guide. Fulgenzi , 711 F.3d at 587. Indeed, it must arise from the same act to avoid impossibility preemption. See Mensing , 564 U.S. at 618-19, 131 S.Ct. 2567. "[B]ut the legal basis is different." Fulgenzi , 711 F.3d at 587. McDaniel's claims depend on whether the warnings provided were inadequate and proximately caused her late husband's death. See id. at 587 ; Barnes v. Kerr Corp. , 418 F.3d 583, 590 (6th Cir. 2005) (listing *950 elements of Tennessee failure-to-warn claims). Because the fact of a federal-law violation is not a necessary element of those claims, they are not subject to obstacle preemption under Buckman . Fulgenzi , 711 F.3d at 587 & n.5.
When faced with an apparent conflict between the words in a complaint and a brief responding to a motion to dismiss, we are obligated to choose the former. It is, after all, the sufficiency of the allegations in the complaint that we are evaluating. See Fed. R. Civ. P. 12(b)(6). The majority focuses on a singular remark in McDaniel's briefing that "[t]he allegation is not one of adequacy or 'content' failure to warn, (i.e., the verbiage or even the format fails), but an actual and physical negligent failure of Upsher-Smith to fulfill its federally mandated responsibility to ensure Medications Guides [sic] are available for distribution directly to patients with each prescription." R. 23, PageID 111. The majority interprets that statement to mean that, unlike in Fulgenzi , McDaniel "pleaded that the 'adequacy' of warnings ... is not the issue." Maj. Op. 947.
The complaint tells us that McDaniel pleaded precisely the opposite: "The warnings and directions provided with amiodarone by [Upsher-Smith] failed adequately to warn of the potential risks and side effects of amiodarone." Compl., R. 1, ¶¶ 91, 98. And context tells us that the purported concession in the brief was meant to explain why the claim is not barred by impossibility preemption-clarifying in the same section that what she meant is that she "does not allege that the contents of the labeling should have been changed" in violation of the federal duty of sameness, only that a separate "Medication Guide and its warnings were not provided to him in accordance" with that duty. R. 23, PageID 113. Indeed, it necessarily follows that McDaniel's claims challenge the adequacy of the warnings that were provided, alleging as they do that a death would not have occurred but for the failure to provide additional warnings in the form of a medication guide.
II.
Tennessee's learned intermediary doctrine does not bar McDaniel's claims. Under this doctrine, Upsher-Smith argues that its duty to warn under Tennessee law extended only to her husband's prescribing physician. And this would mean that McDaniel's claims are barred, either because (1) there is no Tennessee duty paralleling the federal duty to provide a medication guide, or (2) she fails to allege that the prescribing physician was inadequately warned.
Upsher-Smith cannot dispense with its duty to warn McDaniel's late husband of amiodarone's risks. Under Tennessee law, the learned intermediary doctrine "constitutes a defense," rather than a common-law rule delineating to whom a manufacturer owes the duty to warn. See Nye v. Bayer Cropscience, Inc. , 347 S.W.3d 686, 701 (Tenn. 2011). When the defense is invoked, "a pharmaceutical manufacturer can discharge its duty to warn by providing the physician with adequate warnings of the drug's risks." Id. This defense, however, does not eliminate Upsher-Smith's "continuing duty to warn the users" of its prescription drugs. See Payne v. Novartis Pharm. Corp. , 767 F.3d 526, 530 (6th Cir. 2014) (interpreting Tennessee law). Adequately warning a physician is simply one means of discharging that duty.
Dismissal under this defense would be premature at this juncture. A plaintiff is not required to plead around all potential defenses. Xechem, Inc. v. Bristol-Myers Squibb Co. , 372 F.3d 899, 901 (7th Cir. 2004). Only when a plaintiff "admits all the ingredients of an impenetrable defense"
*951 may a complaint that otherwise states a claim be dismissed. Id. As Upsher-Smith points out, McDaniel does not allege that her husband's physician was unaware of the risk of lung damage associated with amiodarone. But she also does not allege that his physician was aware of that risk. Discovery is the proper vehicle to explore those factual issues.
At this stage, it is enough that McDaniel has pleaded a plausible claim to relief that is neither precluded by the learned intermediary doctrine nor preempted by the FDCA.